UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SERGIO ORTIZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00162-JPH-MJD |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) |

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS HABEAS PETITION**

Sergio Ortiz, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus, challenging his prison disciplinary conviction in case number ISF 20-01-177. The respondent has filed an unopposed motion to dismiss, stating that the disciplinary conviction has been vacated, and Mr. Ortiz is no longer "in custody" for purposes of 28 U.S.C. § 2254. Dkt. 6, para. 3. IDOC records confirm that the disciplinary conviction was vacated for insufficient evidence following Mr. Ortiz's appeal to the IDOC Final Reviewing Authority. Dkt. 6-1, p. 11.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is

1

not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because the disciplinary conviction has been vacated, this habeas action cannot affect the duration of Mr. Ortiz's custody. This action is therefore moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

The motion to dismiss, dkt. [6], is **GRANTED**. Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 10/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SERGIO ORTIZ
199568
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov

2